[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14695
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 2:09-cv-00409-WHA-CSC

GARY CARL CREMEENS,

Plaintiff - Appellant,

versus

THE CITY OF MONTGOMERY, ALABAMA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 31, 2011)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Gary Cremeens, a former Fire Investigator with the City of Montgomery,

Alabama ("the City"), appeals the district court's order granting summary

judgment in favor of the City on his discrimination suit brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* He argues the district court erroneously concluded that firefighting was an "essential function" of the Fire Investigator position. He also contends that the City's physical fitness requirements for Fire Investigators are not "job-related" or consistent with "business necessity."[1]

We review a district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255 (11th Cir. 2007). Summary judgment is appropriate when the evidence before the court demonstrates that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010).

I. *Is Firefighting an Essential Function of the Fire Investigator Position?*

We evaluate ADA discrimination claims under the *McDonnell Douglas*[2]

---

[1] Cremeens's brief also raises the issue of whether the district court erred in denying his motion to alter judgment, pursuant to Federal Rule of Civil Procedure 59, but the brief does not offer any argument on this issue. Therefore, the issue is deemed abandoned. *See Greenbriar, Ltd. v. City of Alabaster, Ala.*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989).

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973).

burden-shifting analysis. *See Holly*, 492 F.3d at 1255. Under this framework, the plaintiff must first establish a *prima facie* case of discrimination by showing: "(1) he is disabled; (2) he is a qualified individual; and (3) he was subjected to unlawful discrimination because of his disability." *Id.* at 1255–56.

A "qualified individual" is "someone with a disability who, 'with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'" *Id.* at 1256 (quoting 42 U.S.C. § 12111(8)). "[E]ssential functions 'are the fundamental job duties of a position that an individual with a disability is actually required to perform.'" *Id.* at 1257 (quoting *Earl v. Mervyns, Inc.*, 207 F.3d 1361, 1365 (11th Cir. 2000) (per curiam)). If the particular function is essential, an ADA plaintiff must show that he can perform it either without accommodation or with a "reasonable accommodation." *Id.* at 1256. An accommodation is reasonable only if it enables the individual to perform the essential functions of the job. *Id.* Though the ADA may require an employer to alter or eliminate marginal job functions, it does not require an employer to eliminate essential job functions. *Id.* And an employer's previous acceptance of an accommodation pertaining to an essential function does not require the employer to make that accommodation in the future. *See Holbrook v. City of Alpharetta, Ga.*, 112 F.3d 1522, 1528 (11th Cir. 1997). Thus, if a

disabled individual is unable to perform an essential function of the job, even with a reasonable accommodation, he is not a "qualified individual" and cannot establish a *prima facie* case under the ADA. *Holly*, 492 F.3d at 1256.

Whether a particular job duty is an essential function is evaluated on a case-by-case basis. *Id.* at 1258. The ADA's implementing regulations provide a non-exclusive list of factors indicating that a particular function is essential, which includes, *inter alia*: (1) the employer's judgment as to which functions are essential; (2) the written job descriptions of the position; (3) the amount of time spent on the job performing the function; and (4) the consequences of not requiring the individual to perform the function. 29 C.F.R. § 1630.2(n)(3). We give substantial weight to the employer's judgment as to what functions of a position are essential, but that factor alone is not conclusive. *Holly*, 492 F.3d at 1258.

The evidence in this case establishes that firefighting is an essential function of the Fire Investigator position, a function that Cremeens concedes he cannot perform. Assistant Chief Davis, the division chief of the Fire Investigations Division, testified that Fire Investigators may be ordered to engage in fire suppression activities by either a superior officer or an on-scene fire commander and that failure to comply could subject them to disciplinary action. Davis also

4

testified that, even absent such an order, Fire Investigators have a responsibility to engage in fire suppression activities if the lives of other firefighters or civilians are in danger and fire suppression units are not on the scene. Fire Investigators may engage in fire suppression activities infrequently, but that does not mean firefighting is a nonessential function of the position. Indeed, the firefighting function is essential whenever the need arises, and the consequences of not requiring a Fire Investigator to engage in fire suppression activities when necessary could be dire.

Cremeens's proposed accommodation—to work as a Fire Investigator without being required to fight fires—is not reasonable because it would require the City to eliminate an essential job function from the Fire Investigator position, which the ADA does not require it to do. Accordingly, Cremeens is not a "qualified individual" within the meaning of the ADA, and we affirm the district court's grant of summary judgment in favor of the City.

II. *Are the City's Physical Fitness Requirements for Fire Investigators Job-Related and Consistent with Business Necessity?*

Discrimination under the ADA includes an employer's use of qualification standards or employment tests that tend to screen out those individuals with

disabilities, "unless the standard, test or other selection criteria, as used by the covered entity, is shown to be job-related for the position in question and is consistent with business necessity . . . ." 42 U.S.C. § 12112(b)(6).

> [J]ob-relatedness is used in analyzing the questions or subject matter contained in a test or criteria used by an employer in making hiring or promotional decisions. Business necessity, in contrast, is larger in scope and analyzes whether there is a business reason that makes necessary the use by an employer of a test or criteria in hiring or promotional decision making.

*Allmond v. Akal Sec., Inc.*, 558 F.3d 1312, 1317 (11th Cir. 2009) (per curiam) (alterations, citations, and internal quotation marks omitted). "Once an employer demonstrates that the pertinent qualification standard is job-related and consistent with business necessity, the burden shifts to the plaintiff to offer a reasonable accommodation that would allow him to satisfy that standard." *Id.*

The physical fitness requirements are directly related to a Fire Investigator's duty to fight fires, and they are necessary to ensure that Fire Investigators are able to perform that function when called upon to do so. As stated above, Cremeens's proposed accommodation is not reasonable. Accordingly, we affirm the district court's grant of summary judgment in favor of the City.

**AFFIRMED.**